# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, WISCONSIN OPERATING ENGINEERS SKILL IMPROVEMENT AND APPRENTICESHIP FUND, JOINT LABOR MANAGEMENT WORK PRESERVATION FUND, TERRANCE E. MCGOWAN, MICHAEL A. CRABTREE, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 139, <br><br> Plaintiffs, <br> v. <br><br> GREAT LAKES EXCAVATING INC., <br><br> Defendant. | Case No. 18-CV-1165-JPS <br><br> **ORDER** |

Plaintiffs assert claims against Defendant for breach of contract and for violation of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132, 1145 *et seq.* On September 13, 2018, Plaintiffs requested entry of default against Defendant. (Docket #7). The Clerk of the Court entered default that same day. Plaintiffs then filed a motion for default judgment on December 18, 2018. (Docket #10). No response to the motion for default judgment has been received, and the time in which to do so has expired. Civ. L. R. 7(b).

Because the Clerk of Court has entered default against Defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve Plaintiffs of the responsibility to prove up their damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiffs claim the following items of damages:

1) Delinquent contributions in the amount of $134,722.88;
2) Delinquent payment assessments in the amount of $45,555.13;
3) Interest on these sums, in the amount of $12,345.94; and
4) Attorneys' fees and costs in the amount of $3,132.75.

*See* (Docket #10 and #11). These figures total $195,756.70. *Id.*

Here, the claimed amounts are easily capable of ascertainment from the computations in the documentary evidence and the affidavit submitted by Plaintiffs. Their evidence details Defendant's failure to abide by the terms of the various collective bargaining agreements from January 1, 2016 through November 30, 2017, and December 1, 2017 through October 31, 2018, and the payment delinquencies that have resulted therefrom. *See*

(Docket #11, #15, and #16). Thus, the Court having determined "that defendant[] [is] liable to plaintiff[s] as to each cause of action alleged in the complaint," by its entry of default, and that Plaintiffs' claimed amounts for unpaid contributions, payment assessments, and interest are reasonably certain and well-supported, the Court will now grant Plaintiffs' requested default judgment and award them their requested amounts for those items. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). The same is true for Plaintiffs' request for fees and costs, as provided by 29 U.S.C. § 1132(g)(2) and the collective bargaining agreements to which Defendant is bound. (Docket #13 and #14).

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for default judgment (Docket #10) be and the same is hereby **GRANTED**; Defendant shall pay to Plaintiffs the total sum of $195,756.70 together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge